# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANITA FAY THOMAS,<br>　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　　Agency. | DOCKET NUMBER<br>AT-0752-14-0008-I-1<br><br><br>DATE: September 6, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

LaKesha B. Shahid, Montgomery, Alabama, for the appellant.

Tsopei T. Robinson, Montgomery, Alabama, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    Prior to her removal, the appellant was an Employment Specialist (Coordinator), GS-0301-12, at the Montgomery, Alabama, Veterans Affairs Regional Office (VARO). Initial Appeal File (IAF), Tab 5 at 4.[2] The appellant was removed based on three charges: (1) improper possession of protected information (13 specifications), (2) misuse of position, and (3) unauthorized disclosure of private information.[3] *Id.* at 22-27, 58. She filed this appeal. IAF, Tab 1. After holding a hearing, the administrative judge sustained all three charges, determined that the agency established that a nexus existed between the proven charges and the efficiency of the service, and found that the appellant failed to prove her several affirmative defenses. IAF, Tab 31, Initial Decision

---

[2] When citing to IAF, Tab 5, we refer to the page numbers generated by the Board's e-Appeal system (e.g., here, we cite to IAF, Tab 5 at 4 of 332).

[3] The agency proposed the appellant's removal based on the three sustained charges and two additional charges, lack of candor and failure to follow instructions (2 specifications). IAF, Tab 5 at 22-27. The agency's deciding official found that these additional charges were unsubstantiated and did not sustain them. *Id.* at 58.

(ID) at 5-48; IAF, Tab 25 at 3-11.[4]  Finally, the administrative judge found that the agency considered the relevant factors and the penalty of removal did not exceed the tolerable limits of reasonableness, and he thus affirmed the agency's removal action.  ID at 49-57.  The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 3.

<u>The administrative judge properly sustained the first charge, improper possession of protected information.</u>

¶3    On review, the appellant challenges the administrative judge's findings of fact regarding the first and primary charge, improper possession of protected information.  *Id.* at 9-10.  The appellant had previously served as a Staff Assistant in the Office of the Assistant Director of VARO.  IAF, Tab 14, Ex. B at 2.  She was reassigned to the Employment Coordinator position in the Vocational Rehabilitation and Employment Division (VR&E) on September 25, 2011.  IAF, Tab 5 at 5.  On May 17, 2012, P.S., a VARO employee, reported to then-Director R.R. that the first page of a final agency decision (FAD) in an EEO complaint that she had filed had been discovered on a color printer within the VR&E area.  *Id.* at 12-13.  The agency determined that the appellant had recently accessed the Human Resources data files and had used the color printer that week.  *Id.* at 7, 13-14.  An examination of the appellant's computer revealed a collection of "emails and documents from her many years working in the Director's Office that may be inappropriate for her to maintain."  *Id.* at 7-8.  Based on this finding, the agency convened an administrative investigation board (AIB), which ultimately concluded that the appellant had obtained and misused information pertaining to several agency employees, including P.S.  *Id.* at 9-10, 17-20.  The agency identified 13 groups of documents that the AIB determined had been improperly

---

[4]  The appellant does not challenge the administrative judge's findings regarding harmful procedural error and age discrimination on review, and we do not disturb those findings.

saved to the appellant's computer. *Id.* at 22-25. These groups of documents formed the basis for the 13 specifications of the charge. *Id.*

¶4    The administrative judge found that the agency proved all specifications of the charge. ID at 5-21. The appellant conceded that the documents were saved to her computer, and, absent any evidence to suggest that someone else had saved them, the administrative judge found that the agency established that the appellant had saved them to her computer. ID at 6. The administrative judge found that the appellant's retaining the documents potentially violated a number of regulations and policies pertaining to information management, computer security, and ethical conduct. ID at 6-8. He then described each group of documents included in the charge, concluding that at least one of the documents described in each group contained protected information. ID at 8-13.

¶5    The appellant's arguments on review challenge the agency's final element of proof, which was that the appellant did not need the protected information she possessed to fulfill her official duties. ID at 13. The administrative judge's finding for this element relied upon his assessment of the appellant's credibility when she testified about her reasons for saving the documents. ID at 13-21. He found significant discrepancies between the testimony that the appellant gave at the hearing and the testimony she had given to the AIB. He pointed out that, during the hearing, the appellant testified that she saved the documents while performing her duties as a Staff Assistant, whereas her testimony before the AIB suggested that she was stockpiling documents to use in support of corruption allegations against agency management or for the purpose of supporting her own potential EEO complaints. ID at 15, 17.

¶6    The administrative judge closely assessed the credibility of the appellant's testimony pursuant to the factors in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987). The administrative judge found that portions of the appellant's hearing testimony supported the proposition that she had testified truthfully during the AIB, and that she had a stronger incentive to shade her

testimony and justify her actions at the Board hearing. ID at 18-19. The administrative judge also considered the appellant's demeanor. ID at 19-20. He concluded that her hearing testimony had not been completely forthright and that she shaded her testimony to place her actions in the light most beneficial to her legal position. ID at 20.

¶7        The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Sufficiently sound reasons include findings that are incomplete, inconsistent with the weight of the evidence, and do not reflect the record as a whole. *Faucher v. Department of the Air Force*, 96 M.S.P.R. 203, ¶ 8 (2004). The appellant has not offered any such reasons that would justify overturning the administrative judge's finding. Accordingly, we will not disturb his findings.

The administrative judge properly sustained the second charge, misuse of position.

¶8        The appellant argues that the administrative judge failed to consider the unique facts surrounding the charge that she had misused her position. PFR File, Tab 3 at 10-11. The charge arises from the appellant's accessing and retaining documents while she was a Staff Assistant in the Director's office, including a metrics worksheet that she later used in her personal EEO complaint based on her nonselection for the Human Resources Specialist position. IAF, Tab 5 at 14-15, 25, Tab 6 at 244-45. The appellant admits that she provided her attorney with the metrics worksheet, but she asserts that she had no other choice because the agency failed to produce it during the investigation of her EEO complaint. PFR File, Tab 3 at 11.

¶9        The administrative judge found the circumstances here similar to those in *Williams v. Social Security Administration*, 101 M.S.P.R. 587 (2006). ID

at 22-24.  In *Williams*, the appellant used his access to the agency's computer systems to print workload reports for the employees in his office, and he gave unredacted copies to his attorney for use in his EEO complaint.  *Williams*, [101 M.S.P.R. 587](#), ¶ 3.  When his attorney offered those reports as evidence during a hearing before the Equal Employment Opportunity Commission (EEOC), the EEOC administrative judge sustained the agency's objection that releasing the reports violated the Privacy Act and confiscated them.  *Id.*, ¶ 4.  The agency subsequently removed Williams for failure to comply with the rules and regulations regarding the authorized access and disclosure of Social Security systems and records and violations of the agency's Standards of Conduct.  *Id.*, ¶ 5.  Although an arbitrator mitigated the removal to a 90-day suspension, he nevertheless found that Williams had improperly accessed and disclosed the documents in question, though not for personal gain.  *Id.*, ¶ 6.  When the Board considered the case on review, it affirmed the arbitrator's decision, explaining that the documents had been obtained improperly.  *Id.*, ¶ 13 (citing *O'Day v. McDonnell Douglas Helicopter Company*, [79 F.3d 756](#), 763-64 (9th Cir. 1996)); *cf. Gill v. Department of Defense*, [92 M.S.P.R. 23](#), ¶ 22 (2002) (finding that the agency did not prove that the appellant's disclosure of documents to an EEO counselor violated the Privacy Act because, among other things, the EEO counselor was acting within the scope of her duties and needed the disclosed records to perform her duties).[5]  The administrative judge here found that the

---

[5] In *Smith v. Department of Transportation*, [106 M.S.P.R. 59](#) (2007), the Board reached the same conclusion based on somewhat similar circumstances.  The Board later reversed its published decision in *Smith* after the EEOC non-concurred with the Board's findings.  *Smith v. Department of Transportation*, MSPB Docket No. AT-0752-05-0901-E-1, Final Order (Apr. 25, 2012); *Smith v. LaHood*, EEOC DOC 0320080085, 2012 WL 1076119 (Mar. 21, 2012).  *Smith* is distinguishable from the instant case, however.  In *Smith*, the EEOC drew an adverse inference against the agency because it had not obeyed the Commission's order to produce comparator evidence on the penalty.  *Smith*, 2012 WL 1076119 at *5-6.  In addition, in *Smith,* the appellant came across the

appellant, like Williams, had not obtained the metrics worksheet through proper channels and had instead used her access to agency documents to improperly copy the document from the Director's inbox. ID at 23. He pointed out that she could have asked her attorney to advise the agency where to find the documents or sought the information therein through testimony of the interview panel. ID at 23-24. The administrative judge concluded that the agency proved that the appellant misused her position. ID at 24.

¶10    On review, the appellant seeks to distinguish *Williams* from her case. She argues that she first sought to obtain the worksheet through official channels while her complaint was under investigation but that the agency claimed that it could not locate the document. PFR File, Tab 3 at 10-11. For that reason, she argues, the agency's hands are unclean and she had no other option but to use her access to the agency's computer systems to obtain the worksheet. *Id.* at 11. Even assuming misconduct by agency personnel during the EEO investigation, we find that the appellant nevertheless misused her position to obtain the metrics worksheet. Had her complaint proceeded to a hearing, she could have deposed the persons on the interview panel about their hiring decision or called such persons as witnesses to obtain the information on the worksheet. Additionally, during the AIB, the appellant admitted her wrongful motivation in obtaining the worksheet, which is key evidence that she understood the impropriety of her actions. IAF, Tab 5 at 18, Tab 6 at 240-41, 244-45. Accordingly, we find that the administrative judge properly sustained the charge.

The appellant failed to establish that the agency retaliated against her based on prior EEO activity.

¶11    The appellant asserts that the administrative judge incorrectly concluded that she failed to show that the agency retaliated against her for prior EEO

documents in the course of his official duties. No such circumstances exist here or in *Williams*, and thus we find *Williams* to be applicable.

activity. PFR File, Tab 3 at 15-16; ID at 31-39. To establish a claim of EEO reprisal, an appellant must show that the prohibited consideration was at least a motivating factor in the personnel action at issue. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 21-22.

¶12    The administrative judge found that the appellant established that she engaged in protected activity by filing an EEO complaint based upon her nonselection as a Human Resources Specialist. ID at 33. He also found that the deciding official was aware of her protected activity when she made the decision to remove her. *Id.* Based on a thorough review of the record, however, he concluded that the appellant failed to prove that her EEO activity was a motivating factor in the removal decision. ID at 38.

¶13    On review, the appellant argues that the administrative judge failed to give due weight to her testimony regarding her meeting with the deciding official shortly after the deciding official became the Acting Director of VARO to report retaliation by her supervisor, C.H., for EEO activity.[6] PFR File, Tab 3 at 15; HCD 2 (testimony of the appellant). The appellant explains that the administrative judge acknowledged that she met with the deciding official but stressed that there was no testimony as to what was discussed in the meeting. PFR File, Tab 3 at 15; ID at 33 n.16. She asserts that she gave the deciding official a spreadsheet documenting the retaliatory activity during the meeting. PFR File, Tab 3 at 15. Even considering the deciding official's testimony that such a meeting may have occurred and that she might have seen the spreadsheet, HCD 1 (testimony of L.W.), the appellant has not shown that the administrative

---

[6] The appellant asserts that the administrative judge "incorrectly stated in his decision that the deciding official had no knowledge of the appellant's prior EEO activity." PFR File, Tab 3 at 15. We find, to the contrary, that the administrative judge found that the deciding official was aware of the appellant's protected EEO activity when she made the removal decision. ID at 33. Knowledge of activity, however, does not necessarily mean it was a motivating factor.

judge incorrectly characterized the nature of the meeting. ID at 33 n.16. The deciding official's testimony shows that her recall of the meeting was tenuous and uncertain. HCD 1 (testimony of L.W.). As the administrative judge pointed out, the appellant did not submit the spreadsheet for the record. ID at 33 n.16. Her failure to submit the spreadsheet weakens her claims about the nature of the meeting because it was within her ability to provide supporting documentation. Based in part on demeanor evidence, the administrative judge also found that her assertions regarding the meeting were less than credible. ID at 20. Her argument is thus unavailing.

¶14 The appellant further argues that the proposing and deciding officials may have known about and been influenced by her prior EEO activity, even absent their direct involvement in that activity. PFR File, Tab 3 at 15. She argues that the incoming Acting Director may have been briefed about employees that the management perceived to be troublemakers. *Id.* She points to her testimony that R.R., a previous Director, once told her that he had heard she was a "giant killer," a comment suggesting to her that such briefings occurred. PFR File, Tab 3 at 15; HCD 2 (testimony of the appellant). The appellant additionally points to testimony that R.R. threatened her job and that of another employee if they reported him for wrongdoing. PFR File, Tab 3 at 15-16; HCD 1 (testimony of L.F.); HCD 2 (testimony of the appellant). The appellant's argument here is purely speculative. She has not shown that R.R. exercised any influence over or had contact with the proposing or deciding officials after his departure. Therefore, we find that these assertions do not provide a basis for disturbing the initial decision.

¶15 The appellant also asserts that the record contains "direct" evidence of retaliatory motive based on the removal proposal notice's references to her EEO activity in the second charge (misuse of position) and to the monetary settlement

of her EEO complaint in a specification of the first charge.[7] PFR File, Tab 3 at 16. The administrative judge considered the agency's reliance on the appellant's disclosure of protected information during the course of pursuing her EEO complaint as circumstantial evidence of retaliation. ID at 35, 38. The administrative judge explained in detail why the record as a whole did not support a finding that the agency's action was motivated by her protected EEO activity. ID at 33-39.

¶16    We agree with the administrative judge's finding that the agency intended to hold the appellant accountable for violating rules and regulations regarding the proper access and use of protected information within the agency's possession and control. ID at 34. We concur with the administrative judge's conclusion that she failed to meet her burden of establishing that her protected EEO activity was a motivating factor in the agency's decision to remove her. ID at 38.[8]

The appellant did not establish that her protected disclosures were a contributing factor in the agency's decision to remove her.

¶17    The appellant asserted reprisal for whistleblowing disclosures as an affirmative defense, arguing that she had submitted the documents saved on her hard drive as part of protected disclosures to a former Director and to agency investigators. IAF, Tab 1 at 6, Tab 14 at 10-11, Tab 25 at 3-5. The administrative judge found that the appellant proved that she made protected

---

[7] The second charge states that the appellant "admitted to using [her] access as a Director's Office staff member to access and save nonpublic information on [her] computer for use in [her] personal EEO case and to show corruption within the [agency]." IAF, Tab 5 at 25. The third specification of the first charge states that the appellant "saved to [her] computer . . . confidential Merit Promotion documents related to a Human Resources Specialist position for which [she] applied . . . [and] presented this information to [her] attorney in connection with [her] personal EEO Complaint for nonselection, which led to a monetary settlement with the Agency." *Id.* at 22.

[8] Because we discern no error with the administrative judge's motivating factor analysis, we do not reach the question of whether discrimination or retaliation was a "but-for" cause of the removal action. *See Pridgen*, 2022 MSPB 31, ¶ 20-22, 29-33.

disclosures but did not establish that those disclosures contributed to the agency's removal decision. ID at 39-48. On review, the appellant asserts that the administrative judge improperly decided the issue of contributing factor. PFR File, Tab 3 at 11-14.

¶18    To establish an affirmative defense of reprisal for whistleblowing disclosures, an appellant must show by preponderant evidence that she made a protected disclosure under 5 U.S.C. § 2302(b)(8) and that her protected disclosure was a contributing factor in the agency's personnel action.[9] *Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶¶ 19-20 (2013); *see Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 12 (2015) (stating that a prohibited personnel practice affirmative defense in a chapter 75 appeal that independently could form the basis of an individual right of action appeal must be analyzed under the burden-shifting scheme set forth in 5 U.S.C. § 1221(e)). One way of establishing contributing factor is the knowledge/timing test, which is set forth in 5 U.S.C. § 1221(e)(1). *Alarid*, 122 M.S.P.R. 600, ¶ 13. Under that test, an appellant can prove the contributing factor element through evidence that the official taking the personnel action knew of the protected disclosure and took the personnel action within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. 5 U.S.C. § 1221(e)(1); *Alarid*, 122 M.S.P.R. 600, ¶ 13. Even if the appellant fails to satisfy the knowledge/timing test, the appellant may establish contributing factor through other evidence, such as that pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding officials, and

---

[9] We have reviewed the relevant legislation amending the whistleblower protection statutory scheme that was enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal, nor does it affect the relevant holdings of the case law cited in this Final Order.

whether those individuals had a desire or motive to retaliate against the appellant. *Alarid*, 122 M.S.P.R. 600, ¶ 13 n.6.

¶19    Here, the appellant specifically alleged that she had made various disclosures regarding misconduct by the former Director, R.R.  IAF, Tab 1 at 6, Tab 14 at 10-11.  The appellant testified that she made these disclosures by email to another former Director, M.W.  HCD 2 (testimony of the appellant); IAF, Ex. L.  The appellant submitted a copy of an email message to M.W. dated April 27, 2012, in which she accused R.R. of various acts of misconduct pertaining to misuse of his government cell phone and credit card and of the agency canteen fund, as well as claiming that he failed to take action against an employee alleged to have committed misconduct, forced the appellant to buy items for the office using her personal credit card, and provided an agency manager with an accommodation and handicapped parking space without supporting medical documentation.  IAF, Tab 14, Ex. L.  The email also stated that five employees, including the appellant herself and P.S., had filed EEO complaints during the prior year.  *Id.*  In June and July 2012, the appellant also discussed these and other allegations of wrongdoing with an investigative team led by the agency's New Orleans Regional Director.  IAF, Tab 14, Ex. J.  The appellant testified that she gave the team documents showing that P.S.'s EEO complaint had a basis in fact, that the agency had failed to comply with a posting requirement contained within the EEOC's order issued for P.S.'s complaint, and that her supervisor had discriminated against employees on three different occasions without suffering any consequences.  HCD 2 (testimony of the appellant).  The team documented several of the appellant's allegations in its report.  IAF, Tab 14, Ex. J.

¶20    Based on this evidence, the administrative judge found that the appellant showed that she had made "at least some" protected disclosures.  ID at 45.  The administrative judge found, for example, that the disclosures the appellant made to M.W. and the investigative team regarding R.R.'s misuse of his agency cell

phone and travel card were protected, based on the fact that she had personally observed the misconduct and knew the pertinent rules and regulations. ID at 45-46. He found, however, that the appellant failed to establish that either the proposing or deciding official knew about her disclosures during the relevant period. ID at 46. Although the appellant provided a letter of support to the deciding official from M.W., in which M.W. mentioned that she had reported "serious" allegations of misconduct by R.R., the administrative judge found that she failed to show that M.W. had informed either the proposing or deciding official about the actual content of her disclosures. *Id.*; IAF, Tab 14, Ex. I. The administrative judge found no evidence that either the proposing or deciding official knew about the appellant's disclosures to the investigative team or had seen the team's final report, or that any of the investigators had contacted the proposing or deciding official. ID at 46. The administrative judge thus concluded that the appellant failed to establish that the proposing or deciding officials had either actual or constructive knowledge of the disclosures.[10] *Id.*

¶21    The administrative judge assigned significant weight to two facts. First, the documents the appellant allegedly saved for purposes of reporting mismanagement and corruption do not specifically relate to the disclosures she made to M.W. or to the investigative team; second, her AIB testimony did not establish any linkage between the documents and her disclosures. ID at 46-47; IAF, Tab 6 at 519-20. Instead, the documents pertain to other matters, including the appellant's personal EEO complaint, her promotion to Employment Specialist,

---

[10] The administrative judge also considered the possibility that the proposing and deciding officials might have perceived the appellant as a whistleblower based on her general allegations that she had participated in an agency investigation conducted by the New Orleans Regional Director and that she retained agency documents alleging her intention to report mismanagement and corruption. ID at 48 n.27. He found, however, that she had never alleged that she was perceived as a whistleblower. *Id.*

and agency investigations of other employees.[11]  IAF, Tab 5 at 22-25.  We thus concur with the administrative judge's finding that the appellant failed to prove that her disclosures regarding R.R. contributed to the agency's decision to remove her.

¶22      On review, the appellant asserts that the administrative judge's findings are erroneous.  PFR File, Tab 3 at 11-14.  She explains that the deciding official, who was Acting Director when she was removed, initially testified that she did not know the appellant and had acted solely based on the contents of the evidence file, but she later testified that she "probably did" meet with the appellant prior to the proposed removal.  *Id.* at 13; HCD 1 (testimony of L.W.).  She further explains that the deciding official told her during the meeting that she did not want to hear anything about what the previous Director might have done.  PFR File, Tab 3 at 13.  The appellant asserts that the deciding official had actual notice of her disclosures, and given the timing of the meeting—3 months before the initial notice of proposed removal—she established under the knowledge/timing test that her disclosures contributed to the agency's removal action.[12]  *Id.* at 13-14.

¶23      The appellant's argument relies upon speculation.  As discussed *supra*, the deciding official did not testify extensively regarding her discussion with the

---

[11] We find that the EEO activity the appellant raises on review did not concern remedying an alleged violation of 5 U.S.C. § 2302(b)(8), and thus it is appropriately addressed *supra* in the discussion of the appellant's allegations of retaliation for EEO activity, rather than under the framework set forth in 5 U.S.C. § 1221(e).  *See* 5 U.S.C. § 2302(b)(9)(A); *Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 10-13, 20, 22-23 (reaffirming that allegations of retaliation for exercising a Title VII right do not fall within the scope of section 2302(b)(8) or section 2302(b)(9)(A)(i)), *aff'd*, No. 2022-1967, 2023 WL 4398002 (Fed. Cir. July 7, 2023); *Mattison v. Department of Veterans Affairs*, 123 M.S.P.R. 492, ¶ 8 (2016).

[12] The agency's first proposal notice was rescinded, as were the decision letters resulting from it, and the appellant was removed based on the second proposal notice.  IAF, Tab 5 at 22-27, 58-61, Tab 14, Exs. W, GG-II, KK.

appellant during the meeting, and we found that, in her testimony regarding the meeting, she sounded uncertain as to what had transpired. HCD 1 (testimony of L.W.). The appellant did not submit the spreadsheet she alleges to have shown the deciding official. ID at 33 n.16. Accordingly, we find that the appellant has not offered any basis for us to disturb the administrative judge's finding.

The Board need not determine whether the agency could have established by clear and convincing evidence that it would have removed the appellant absent her protected disclosures.

¶24    The appellant argues on review that the agency failed to establish by clear and convincing evidence that it would have removed her anyway because the agency was already under scrutiny and her own whistleblowing would further damage its reputation. PFR File, Tab 3 at 14-15. The administrative judge, however, did not reach this issue because he did not need to do so after finding that the appellant failed to establish that the deciding official had actual or constructive knowledge of her protected disclosures. ID at 48; *see Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 & n.10 (2014), *aff'd*, 623 F. App'x 1016 (Fed. Cir. 2015). The appellant's argument is thus unavailing.

The agency considered the relevant factors and exercised management discretion within tolerable limits of reasonableness.

¶25    Normally, the Board will review an agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981). If the Board sustains all of the charges, the agency's penalty determination is entitled to deference and should be reviewed only to determine whether it is within the parameters of reasonableness. *Payne v. U.S. Postal Service*, 72 M.S.P.R. 646, 650 (1996). In addition, when all charges are sustained, the Board may mitigate the agency's original penalty to the maximum reasonable penalty only when it finds the

agency's original penalty to be too severe.  *Lachance v. Devall*, [178 F.3d 1246](), 1260 (Fed. Cir. 1999).

¶26    The appellant argues that the penalty was unduly harsh.  She points out that the agency initially proposed her removal on five charges but only sustained three of those charges.  PFR File, Tab 3 at 17; IAF, Tab 5 at 58.  She asserts that the reduction in the number of charges would require the agency to reduce the penalty.  PFR File, Tab 3 at 17.  She further asserts that the deciding official failed to consider the mitigating circumstances in determining the penalty, including a lack of prior discipline in 27 years of service, the performance awards she had received, and her good work ethic.  *Id.* at 17-18.  She additionally asserts that the deciding official failed to consider that she was subject to a hostile work environment in retaliation for her EEO activities and that the hostile work environment affected her health to the point that she qualified for disability retirement payments under Social Security.[13]  *Id.* at 18.

¶27    All of these matters were thoroughly addressed in the initial decision.  ID at 49-56.[14]  *Id.*  We agree and find that the appellant has not shown any material error in the initial decision.

---

[13] The appellant appended to her petition for review a February 25, 2016 award letter from the Social Security Administration and correspondence, dated March 5, 2016, from the Office of Personnel Management approving her application for disability retirement.  These documents are dated after the close of the record before the administrative judge but before the issuance of the initial decision.  Even accepting that they meet the standard for "new" evidence, we find that the information they contain is not of sufficient weight to change the outcome.

[14] In sustaining the agency's penalty, the administrative judge rejected the appellant's claim that she was subjected to a harsher penalty than similarly situated employees were.  ID at 52-56.  As discussed *supra*, on review, the appellant challenges the administrative judge's finding that her testimony was less than credible regarding the more lenient penalties assessed upon employees who committed more serious misconduct than hers, but we discern no reason to disturb the administrative judge's well-reasoned credibility findings.  PFR File, Tab 3 at 19.

In adjudicating the appellant's disparate penalty claim, the administrative judge cited to the standard for assessing such a claim set forth in *Woebcke v. Department of Homeland*

## NOTICE OF APPEAL RIGHTS[15]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

*Security*, 114 M.S.P.R. 100, ¶ 20 (2010), and *Villada v. U.S. Postal Service*, 115 M.S.P.R. 268, ¶ 10 (2010). ID at 52. In *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶¶ 9-18, the Board overruled *Woebcke* and *Villada* to the extent they held that broad similarity between employees was sufficient to shift the burden to the agency to explain the difference in treatment, allowed for a seemingly limitless universe for potential comparators, and construed the consistency of the penalty factor to be the sole outcome determinative factor. We reinstated the former legal standard for analyzing disparate penalty claims: whether the agency knowingly and unjustifiably treated employees who engaged in the same or similar offenses differently. *Id.*, ¶¶ 10, 13-14. Although the administrative judge did not have the benefit of *Singh* when he issued the initial decision, we find that he properly determined that the appellant failed to make an initial showing that the agency treated similarly situated employees differently and thus did not establish her disparate penalty claim. ID at 56.

[15] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3)** **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[16]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[16] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                              /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.